IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NANCY SANTANA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-666-GMS |
| | : | |
| STATE OF DELAWARE, | : | |
| DEPARTMENT OF HEALTH and | : | |
| SOCIAL SERVICES, DIVISION OF | : | |
| CHILD SUPPORT ENFORCMENT, | : | |
| | : | |
| Defendant. | : | |

# DEFENDANT'S REPLY BRIEF IN SUPPORT

# OF SUMMARY JUDGMENT

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Marc P. Niedzielski (# 2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendant

DATED: November 30, 2007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................3

## ARGUMENT I.

DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S TITLE VII CLAIMS ....................................................................................................4

## ARGUMENT II.

PLAINTIFF'S CLAIM UNDER THE DELAWARE DISCRIMINATION IN EMPLOYMENT ACT, 19 *DEL.C*. SUBCHAPTER II, MUST BE DISMISSED IN ACCORDANCE WITH DELAWARE LAW AND THE COURT LACKS JURISDICTION TO ENTERTAIN THE CLAIM UNDER THE ELEVENTH AMENDMENT..............................................................................................................12

CONCLUSION .......................................................................................................................13

# **TABLE OF AUTHORITIES**

*Alfano v. Costello*, 294 F.3d 365 (2d Cir. 2002) ............................................................. 6

*Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742 (1998) ................................................ 10

*Caver v. City of Trenton,* 420 F.3d 243 (3d Cir. 2005) ................................................... 7

*Jensen v. Potter,* 435 F.3d 444 (3d Cir. 2006) ....................................................... 7, 8, 10

*Moore v. City of Philadelphia,* 461 F.3d 331 (3d Cir. 2006) ..................................... 4, 6

*Ostapowicz v. Johnson Bronze Co.,* 541 F2d 394 (3rd Cir. 1976) ................................... 4

*Parkins v. Civil Constructors of Ill., Inc.,* 163 F.3d 1027 (7th Cir. 1998) ..................... 10

*Storey v. Burns International Security Services,* 390 F.3d 760 (3d Cir. 2004) ............. 8

Statutes and Other Authorities

Eleventh Amendment of the United States Constitution ............................................. 12

42 U.S.C. § 2000e-3(a)(2000) ................................................................................ *passim*

19 Del.C. § 710 -718 ..................................................................................................... 12

19 Del.C. § 2365 ............................................................................................................. 5

Fed. R. Civ. P. 56(c) ..................................................................................................... 13

## **ARGUMENT I.**

DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S TITLE VII CLAIMS

Plaintiff agrees that defendant has set out the proper legal standard for summary judgment it its Opening Brief. (D.I. 22) However, plaintiff argues that summary judgment should not be granted as there is a genuine dispute of material fact as to plaintiff's hostile work environment claim and retaliation claim. Plaintiff does not point to facts or make legal argument that the record contains any evidence that would support a disparate treatment claim under Title VII. In her Answering Brief, plaintiff discusses the protected statuses of race and color, however, those claims were not exhausted[1] as plaintiff's EEOC charge of discrimination claims the alleged discrimination was based on "national origin", solely. (Plaintiff's EEOC Charge of Discrimination, Santana Deposition Exhibit No.1, D.I. 22(2))

Accordingly, defendant is entitled to judgment as a matter of law as to any disparate treatment claim under Title VII. For the reasons that follow, defendant is also entitled to summary judgment on any hostile work environment or retaliation claims.

---

[1] "[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation…" *Ostapowicz v. Johnson Bronze Co.,* 541 F2d 394, 398-399 (3rd Cir. 1976)

### **(a)    Retaliation claim**

In order to survive summary judgment on a retaliation claim under Title VII, plaintiff must establish a *prime facie* case by tendering evidence that: (1) she engaged in activity protected by Title VII; (2) the employer took a "materially adverse" employment action against her that would dissuade a "reasonable worker from making or supporting a charge of discrimination"; and (3) there is a casual connection between the protected activity and the adverse employment action. *Moore v. City of Philadelphia*, 461F.3d 331, 340-341(3d Cir. 2006). Nowhere in plaintiff's Answering Brief does she set forth the elements of a *prima facie* case of retaliation nor does she attempt to set forth that she has tendered the appropriate evidence which is the plaintiff's burden of proof. Nevertheless, defendant will demonstrate that the record does not supply the required evidence and for separate legal reasons the defendant is entitled to summary judgment on the retaliation claim.

As set out in the Opening Brief at 12-13, and as confirmed by plaintiff in her Answering Brief at 13-14, plaintiff contends that DCSE retaliated against her for her March 24, 2005 appearance as a witness in a Workers' Compensation Hearing. (Answering Brief at 14) Plaintiff does not contend that she suffered retaliation as a result of filing a charge of discrimination or any other activities with the EEOC. She filed the EEOC Charge of Discrimination after the events for which she complains that started on March 1, and ended on April 28, 2005. Plaintiff contends that she testified under subpoena at a Workers' Compensation

Hearing on March 24, 2005. However, testifying at a state Workers Compensation hearing[2] is not a protected activity under Title VII. Instead, Title VII protects those who "opposed any practice made an unlawful employment practice" by [Title VII] or those who "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under [Title VII]. 42 U.S.C. § 2000e-3(a) (2000). The anti-retaliation provisions of Title VII do not authorize a claim against an employer for conduct that is unrelated to the Title VII activity. *Moore,* 461 F.3d at 341.

As to the second element, plaintiff fails to identify any "materially adverse" employment action against her that would dissuade a "reasonable worker from making or supporting a charge of discrimination." The only employment action identified by plaintiff is a yearly evaluation she discussed and signed on April 29, 2005. (Santana Deposition Exhibit No. 4, D.I. 22 (3))  *Alfano v. Costello*, 294 F.3d 365, 376 (2d Cir. 2002) [Several must be removed from the equation at the onset because they support no inference of mistreatment. Two are "good" evaluations (rather than "excellent") … Although Alfano cites these disappointing ratings as "abuse"… she points to no resulting disadvantage or adverse effect on her job performance...] In the present matter, plaintiff does not complain of the rating of "meets expectations", but claims that some of the internal comments are negative.

---

2 Title 19 *Del.C.* § 2365 prohibits retaliation or discrimination against employees who testify in Workers' Compensation proceedings and assigns jurisdiction over such violations to the Superior Court.

As to the third element of a casual connection between the protected activity and the "materially adverse" employment action, there is simply no connection. The April 2005 employment evaluation was not adverse at all, was in the same rating as the plaintiff received historically and was nor shared with other employees (therefore could not dissuade other workers).

Defendant is entitled to judgment on the retaliation claim under Count II as plaintiff does not point to any activity that is protected under Title VII, nor does she evince any "materially adverse" employment action.

### (b)     Discrimination claim by hostile work environment

In the Opening Brief, defendant sought summary judgment on plaintiff's Title VII claim as the allegations of Count I of the complaint suggest that plaintiff was contending that she received an 'evaluation with negative comments'. In her Answering Brief, plaintiff does not claim discrimination by disparate treatment, but contends her claim is one for hostile work environment under Title VII. The record was devoid of evidence of an adverse employment action to support either a disparate treatment or retaliation claim. Under a hostile work environment claim, with the proper foundation, it is the hostile work environment itself that is the adverse employment action.

In her Answering Brief at 10-13, plaintiff cites to the case of *Caver v. City of Trenton,* 420 F.3d 243, 262 (3d Cir. 2005) for the elements of a hostile work environment claim. Those elements require the plaintiff to prove: (1) she suffered

intentional discrimination because of her [protected status]; (2) the discrimination was pervasive and regular; (3) it detrimentally affected her; (4) it would have detrimentally affected a reasonable person of the same protected class in her position; and (5) there is a basis for vicarious liability. *Id.* It is important to note that the Court of Appeals modified element 2 in the above in its decision in the case of *Jensen v. Potter,* 435 F.3d 444, 449 fn.3 (3d Cir. 2006). Accordingly, the accepted 2nd element would be "the discrimination was severe or pervasive." *Id.* at 449. While plaintiff attempts to set out the proper elements of a hostile work environment claim, she did not even attempt to prove that she has made out a prima facie case which again is her burden of proof. Defendant will demonstrate that the record does not supply the required evidence and for separate legal reasons the defendant is entitled to summary judgment on the hostile work environment claim. As a preliminary matter it is important to recognize that "Title VII is not 'a general civility code for the American workplace.' (citation omitted) Many may suffer severe or pervasive harassment at work, but if the reason for that harassment is one that is not prescribed by Title VII, it follows Title VII provides no relief. *Id.*

### (1) Protected Status

Plaintiff claims that her protected class is place of national origin. (Plaintiff's June 3, 2005 EEOC Charge of Discrimination, Santana Deposition Exhibit No. 1, D.I. 22(2)) However as set forth in the Opening Brief at page 11, the first obstacle with plaintiff's Title VII claim is whether she can claim status

based on national origin. Plaintiff was born and raised in Wilmington, Delaware, and has lived here most of her life. (Santana Tr. p. 4) Having family roots in Puerto Rice does not change the fact that plaintiff's and her ancestries' national origin is the United States of America. *See Storey v. Burns International Security Services,* 390 F.3d 760 (3d Cir. 2004). In *Storey,* the Third Circuit struggled with the same issue where the plaintiff claimed national origin protected status by his being a southern white man to which the confederate battle flag had some special significance. As in the present case, plaintiff was born and raised in Wilmington, Delaware. She is an American and she comes from ancestors that come from the American Commonwealth of Puerto Rico. Accordingly, plaintiff cannot claim a place of national origin as her protected status.

### (2)     Discrimination was severe or pervasive

In the present case there is no evidence of insults, jokes, stereotyping or comments directed to plaintiff regarding her place of national origin. Instead, plaintiff complains that during the period of March 1 through April 28, 2005, one of her two supervisors, Brenda Annand did the following: On March 1, 2005, she "yelled" at plaintiff for being away from her desk (Answering Brief at 2); On April 5, 2005, she sent an e-mail to plaintiff about plaintiff being away from her desk for 14 minutes which plaintiff believes was a miscommunication (Answering Brief at 3); On April 29, 2005, she made "negative comments" about plaintiff on her yearly evaluation (Answering Brief at 3). Plaintiff does not suggest that any interaction with her supervisor was unrelated to her duties as a Child Support

Specialist within the Customer Service Unit. This is not evidence of severe or pervasive discrimination

Instead, it is evidence of a serious supervisor who is attempting to have all employees in the Customer Service Unit at their desks taking the calls so that other employees in the Unit do not have to shoulder more than their share.

### (3)    The conduct detrimentally affected her

Plaintiff did not leave employment with DSCE. As she testified she was involuntarily activated into the United States Army Reserve on September 2005 and continues in that service to this day (Answering Brief at 2).

### (4)    It would have detrimentally affected a reasonable person of the same protected class in her position

Plaintiff submits a number of last minute affidavits from coworkers who make a number of conclusion opinionated statements that do not provide a factual basis that would illuminate any of the issues. It should be noted with the exception of Ms. Berry all of those employees are still employed at DCSE and that suggests that on an objective basis the work environment is not disagreeable. Contrary to plaintiff's statement of facts, Ms. Berry testified that she left DSCE to work in North Carolina to be with her son, not because of her complaints at DCSE. Not one of the affidavits suggests that plaintiff was subjected to racial or ethnic insults, stereotyping behavior or the like. Plaintiff has not made a showing of this element.

### **(5)     There is a basis for vicarious liability**

Under Title VII, much turns on whether the 'harassers' are supervisors or coworkers. If supervisors create a hostile work environment, the employer is strictly liable, though an affirmative defense may be available where there is no tangible employment action. *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 765 (1998); *Jensen, supra* 435 F.3d at 452.  In the present matter, the supervisor to which plaintiff complains is a first level supervisor who has no authority to "hire, fire, demote, promote, transfer or discipline…"  *Parkins v. Civil Constructors of Ill., Inc.,* 163 F.3d 1027, 1033 (7th Cir. 1998).

It is undisputed that plaintiff did not suffer a tangible employment action, and based on the attached declaration of Charles Hayward, Director of DSCE, plaintiff never brought her concerns regarding this supervisor through the number of avenues both the DCSE and the Department provides for complaints regarding harassment3.  Accordingly, if the Court determines that the first level supervisor is legally similar to a co-worker then plaintiff fails to establish this element as she has failed to prove the defendant liability as employer.  If the Court treats the first level supervisor as an agent of the employer, then  the defendant is entitled to judgment as plaintiff failed to avail herself to the remedial procedure offered by her employer – the defendant.

---

3 Attached to this brief as exhibit 2 are two performance agreement statements dated December 28, 2001 and April 2, 2005 signed by the plaintiff where she agreed to report any violations of the Department's policies including those on discrimination.

Defendant is entitled to summary judgment on plaintiff's hostile work environment claim under Count I.

## ARGUMENT II.

PLAINTIFF'S CLAIM UNDER THE DELAWARE DISCRIMINATION IN EMPLOYMENT ACT, 19 *DEL.C*. SUBCHAPTER II, MUST BE DISMISSED IN ACCORDANCE WITH DELAWARE LAW AND THE COURT LACKS JURISDICTION TO ENTERTAIN THE CLAIM UNDER THE ELEVENTH AMENDMENT.

In its Opening Brief (D.I. 22), defendant sought summary judgment on plaintiff's state law claim under Count III of the complaint where plaintiff alleges a violation under the Delaware Discrimination in Employment Act, 19 *Del.C*. § 710- 718.  Defendant has demonstrated that the state law claim failed under the state law itself, and could not otherwise be asserted in federal court pursuant to the Eleventh Amendment. (Opening Brief at 14-15)

Plaintiff does not present any facts or legal argument to oppose defendant's motion for summary judgment and the Court should grant judgment as a matter of law in defendant's favor on all state law claims in Count III.

## **CONCLUSION**

For the above reasons and those set forth in the Opening Brief, the defendant is entitled to judgment pursuant to Rule 56(c) as a matter of law in this matter.

>
> Respectfully submitted,
>
> STATE OF DELAWARE
> DEPARTMENT OF JUSTICE
>
>
> /s/ Marc P. Niedzielski
> Marc P. Niedzielski (#2616)
> Deputy Attorney General
> 820 N. French Street, 6th Floor
> Wilmington, DE 19801
> (302) 577-8324
> Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NANCY SANTANA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-666-GMS |
| | : | |
| STATE OF DELAWARE, | : | |
| DEPARTMENT OF HEALTH and | : | |
| SOCIAL SERVICES, DIVISION OF | : | |
| CHILD SUPPORT ENFORCMENT, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on November 30, 2007, he caused the attached document to be delivered electronically to the following person:

Herbert G. Feuerhake, Esquire
521 West Street
Wilmington, DE  19801

/s/ Marc P. Niedzielski
Marc P. Niedzielski, I.D. No. 2616
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)577-8400
Attorney for Defendant

- 15 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NANCY SANTANA,              )<br>                             )<br>     Plaintiff,             )<br>                             )<br>     v.                      )<br>                             )<br>STATE OF DELAWARE, DEPT. OF  )<br>HEALTH AND SOCIAL SERVICES,  )<br>DIVISION OF CHILD SUPPORT    )<br>ENFORCEMENT                  )<br>                             )<br>     Defendant.              )  | Civ. A. No. 06-666-GMS |

## **DECLARATION OF CHARLES E. HAYWARD**

     I, Charles E. Hayward, pursuant to 28 U.S.C. § 1746 do hereby state the following under penalty of perjury:

     1.    I am the Director of the Delaware Division of Child Support Enforcement ["DCSE"] and have held the position since January 2001. DSCE is a division of the Department of Health and Social Services ["DHSS"].

     2.    DCSE is by statute mandated to secure the financial security of children by locating absent parents, establishing paternity, seeking, maintaining and enforcing child and medical support orders. DCSE has approximately 214 employees of all colors, creed, races and genders. I am an African American male.

     3.    I have the sole authority within DCSE to authorize hiring, promoting, demoting, suspending and disciplining employees of the Division and only the Secretary of DHSS has the authority to terminate an employee.

     4.    The DSCE and the DHSS has in place a number of avenues for employees to raise concerns regarding work place problems including situations where an employee believes that they are subjected to a hostile work environment. I have look into the matter and am informed that the plaintiff Nancy Santana never availed herself to these various avenues of redress, nor did she even raise such concerns to management. If Ms. Santana had raised such concerns, an inquiry

would have been promptly undertaken and any necessary action to eliminate a hostile work environment would have been undertaken.

                                             <u>/s/ Charles E. Hayward</u>
                                             Charles E. Hayward, Director
                                             Division of Child Support Enforcement

DATED: November 30, 2007



## PERFORMANCE AGREEMENT LANGUAGE

For all DHSS employees:

- Employee will read or otherwise become familiar with and will adhere to all applicable policies, standards, rules and regulations of DHSS and the Division including, but not limited to:

    o   DHSS Beliefs and Principles
    o   Standards of Behavior in the DHSS Workplace
    o   Delaware Drugfree Workplace Policy Statement
    o   Employee non-discrimination statement
    o   The Use of Inter-Network Services

- Employee will report any violation of the above to his/her supervisor. If the employee does not feel comfortable contacting his/her supervisor, then he/she may contact the appropriate Human Resources Office.

- Employee will cooperate in any investigations conducted by the Department or any agency acting as an agent of the Department. Employee will promptly supply requested information and will provide correct and all available information.

_____         12/28/2001
Employee's Name                    Date

Revised 6/18/97:djj



PERFORMANCE AGREEMENT LANGUAGE

For all DHSS employees:

- Employee will read or otherwise become familiar with and will adhere to all applicable policies, standards, rules and regulations of DHSS and the Division including, but not limited to:

    o  DHSS Beliefs and Principles
    o  Standards of Behavior in the DHSS Workplace
    o  Delaware Drugfree Workplace Policy Statement
    o  Employee non-discrimination statement
    o  The Use of Inter-Network Services

- Employee will report any violation of the above to his/her supervisor. If the employee does not feel comfortable contacting his/her supervisor, then he/she may contact the appropriate Human Resources Office.

- Employee will cooperate in any investigations conducted by the Department or any agency acting as an agent of the Department. Employee will promptly supply requested information and will provide correct and all available information.

_Nancy Sutton_      _4/5/2005_
**Employee's Name**      **Date**

Revised 6/18/97:djj