## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NANCY SANTANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-666-GMS |
| | ) | |
| STATE OF DELAWARE, | ) | |
| DEPARTMENT OF HEALTH and | ) | |
| SOCIAL SERVICES, DIVISION OF | ) | |
| CHILD SUPPORT ENFORCEMENT, | ) | |
| | ) | |
| Defendant. | | |

## PROPOSED JURY INSTRUCTIONS[1]

STATE OF DELAWARE
DEPARTMENT OF JUSTICE
Marc P. Niedzielski (#2616)
Carvel State Office Building
820 North French Street, 6th Fl.
Wilmington, DE 19801
Attorney for Defendant

DATED:  January 31, 2008

---

[1] Proposed by defendant January 31, 2008.

**Table of Contents**

J-1.1  INTRODUCTION ................................................................................1

J-1.2  EVIDENCE DEFINED............................................................................2

J-1.3  DIRECT AND CIRCUMSTANTIAL EVIDENCE .............................................3

J-1.4  CONSIDERATION OF EVIDENCE ................................................................4

J-1.5  STATEMENTS OF COUNSEL ....................................................................4

J-1.6  CREDIBILITY OF WITNESSES ..................................................................4

J-1.7  NUMBER OF WITNESSES ........................................................................5

J-1.8  BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE .................................6

D-2.1  NATURE OF CLAIM ..............................................................................6

D-2.2  ELEMENTS OF A TITLE VII CLAIM – HARASSMENT – HOSTILE
        WORK ENVIRONMENT – NO TANGIBLE EMPLOYMENT ACTION ......................7

D-2.3  TITLE VII DEFINITIONS – HOSTILE OR ABUSIVE WORK
        ENVIRONMENT ..............................................................................9

D-3.1  COMPENSATORY DAMAGES ..................................................................11

J-3.2  DELIBERATION AND VERDICT ................................................................12

D-3.3  CURATIVE INSTRUCTION ......................................................................14

<u>**UNIFORM JURY INSTRUCTIONS**</u>[2]

**J-1.1**[3] **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case. Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing

---

[2]    The Uniform Jury Instructions (Instructions 1.1-1.8) are taken from *Miscellaneous Jury Instructions* that are available at http://www.ded.uscourts.gov/GMSmain.htm.

[3]    Pursuant to Local Rule 51.1(b), all instructions are labeled so as to indicate whether that instruction is submitted jointly or by the plaintiff or the defendants. Joint instructions and all of the Court's Uniform Instructions are numbered with a "J" followed by the number. Plaintiff's proposed instructions are numbered with a "P" followed by the number. Defendants' proposed instructions are listed with a "D" followed by the number.

I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## J-1.2  EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the

facts.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked.  I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## J-1.3   DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**J-1.4   CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**J-1.5   STATEMENTS OF COUNSEL**

A further word about statements and arguments of counsel.  The attorney's statements and arguments are not evidence.  Instead, their statements and arguments are intended to help you review the evidence presented.  If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law.  An attorney may argue all reasonable conclusions from evidence in the record.  It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence.  What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

**J-1.6   CREDIBILITY OF WITNESSES**

You are the sole judges of each witness' credibility.  You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on

the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial.  You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

**J-1.7    NUMBER OF WITNESSES**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## J-1.8   BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case.  Plaintiff has the burden of proving her claims and damages by what is called a preponderance of the evidence.  Proof by a preponderance of the evidence means proof that something is more likely true than not.  It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses.  If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party.  In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt.  That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met her burden of proof on various issues.

## D-2.1  NATURE OF CLAIM

In this case, the Plaintiff Nancy Santana makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin.

More specifically, the plaintiff claims that she was subjected to harassment or a hostile work environment by the defendant Division of Child Support Enforcement because of plaintiff's national origin.  The prohibition against discrimination based on "national origin" refers to the country where a person was born, or more broadly, the country from which his or her ancestors came[4].

The defendant employer denies that plaintiff was discriminated against in any way and denies that she is a person of a different national origin. Further, the Division asserts that Nancy Santana had failed to avail herself of the internal complaint system which could have resolved this matter.

I will now instruct you more fully on the issues you must address in this case.

## D- 2.2  ELEMENTS OF A TITLE VII CLAIM – HARASSMENT – HOSTILE WORK ENVIRONMENT – NO TANGIBLE EMPLOYMENT ACTION[5]

The Plaintiff Nancy Santana claims that she was subjected to harassment by Brenda Annand and that this harassment was motivated by plaintiff's national origin.

The defendant Division of Child Support Enforcement as an employer is liable for the actions of Brenda Annand in plaintiff's claim of harassment if Ms. Santana proves all of the following elements by a preponderance of the evidence and must initially proved that she is a member of a protected class:

First: Nancy Santana was subjected to harassment or a hostile work environment by Brenda Annand.

---

[4] 29 C.F.R. § 1606.1

[5] Federal Jury Practice And Instructions
     Model Civil Jury Instructions for the District Courts of the Third Circuit
     Prepared by Committee on Model Civil Jury Instructions Third Circuit
     Chapter 5. Instructions for Employment Discrimination Claims under Title VII
     5.1.5 (2007)

Second: Brenda Annand conduct was not welcomed by Nancy Santana.

Third: Brenda Annand conduct was motivated by the fact that Nancy Santana's national origin.

Fourth: The conduct was so severe or pervasive that a reasonable person in plaintiff's position would find Nancy Santana's work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable person of a place of national origin other than the United States.

Fifth: Nancy Santana  believed her work environment to be hostile or abusive as a result of Brenda Annand's conduct.

Sixth: Management level employees knew, or should have known, of the abusive conduct. Management level employees should have known of the abusive conduct if 1) an employee provided management level personnel with enough information to raise a probability of national origin harassment in the mind of a reasonable employer, or if 2) the harassment was so pervasive and open that a reasonable employer would have had to be aware of it.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for the employer Division of Child Support Enforcement and you need not proceed further in considering this claim. If you find that the elements have been proved, then you must consider the defendant employer's affirmative defense. I will instruct you now on the elements of that affirmative defense.

You must find for Division of Child Support Enforcement if you find that it has proved both of the following elements by a preponderance of the evidence:

First: The Division exercised reasonable care to prevent harassment in the workplace on the basis of national origin, and also exercised reasonable care to promptly correct any harassing

behavior that does occur.

Second: Nancy Santana unreasonably failed to take advantage of any preventive or corrective opportunities provided by the defendant Division.

Proof of the four following facts will be enough to establish the first element that I just referred to, concerning prevention and correction of harassment:

(1)  The Division had established an explicit policy against harassment in the workplace on the basis of national origin. (2)  That policy was fully communicated to its employees. (3) That policy provided a reasonable way for Nancy Santana to make a claim of harassment to higher management. (4)  Reasonable steps were taken to correct the problem, if the complaint was raised by Nancy Santana.

On the other hand, proof that Nancy Santana did not follow a reasonable complaint procedure provided by the Division of Child Support Enforcement will ordinarily be enough to establish that the plaintiff unreasonably failed to take advantage of a corrective opportunity.

## D2.3    TITLE VII DEFINITIONS – HOSTILE OR ABUSIVE WORK ENVIRONMENT[6]

In determining whether a work environment is "hostile" you must look at all of the circumstances, which may include:

• The total physical environment of the Nancy Santana's work area.

• The degree and type of language and insult that filled the environment before and after plaintiff arrived.

• The reasonable expectations of Nancy Santana upon entering the environment.

---

[6]    Federal Jury Practice And Instructions
      Model Civil Jury Instructions for the District Courts of the Third Circuit
      Prepared by Committee on Model Civil Jury Instructions Third Circuit
      Chapter 5. Instructions for Employment Discrimination Claims under Title VII
      5.2.1 (2007)

• The frequency of the offensive conduct.

• The severity of the conduct.

• The effect of the working environment on plaintiff's mental and emotional well-being.

• Whether the conduct was unwelcome, that is, conduct that Nancy Santana regarded as unwanted or unpleasant.

• Whether the conduct was pervasive.

• Whether the conduct was directed toward plaintiff.

• Whether the conduct was physically threatening or humiliating.

• Whether the conduct was merely a tasteless remark.

• Whether the conduct unreasonably interfered with plaintiff's work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an abusive or hostile work environment. A hostile work environment can be found only if there is extreme conduct amounting to a material change in the terms and conditions of employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees. In order to find a hostile work environment, you must find that Nancy Santana was harassed because of her national origin. The harassing conduct may, but need not be directed against foreigners in nature. Rather, its defining characteristic is that the harassment complained of is linked to the victim's national origin. The key question is whether Nancy Santana, as a member of protected class based on national origin, was subjected to harsh employment conditions to which from this country were not.

- 10 -

It is important to understand that, in determining whether a hostile work environment existed at the Division of Child Support Enforcement you must consider the evidence from the perspective of a reasonable member of protected class of national origin in the same position. That is, you must determine whether a reasonable person of the same national origin would have been offended or harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable person of a different national origin. The reasonable person of a different national origin is simply one of normal sensitivity and emotional make-up.

## D-3.1  COMPENSATORY DAMAGES

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the Defendant's violation of Plaintiff's rights under Title VII.

If you find that the Defendant is liable on the claim, as I have explained it, then you must award Ms. Santana sufficient damages to compensate her for any injury proximately caused by the workplace conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole - that is, to compensate him or her for the damage that she has suffered, if any.  A prevailing Plaintiff is entitled to compensatory damages for the emotional pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a defendant's conduct.  However, you may not consider back pay or interest on back pay as part of compensatory damages.   (42 U.S.C. § 1981a(b)(2)).

- 11 -

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guess work. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem it appropriate from the facts and circumstances in evidence.

## J-3.2   DELIBERATION AND VERDICT

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the

opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans.  You are judges – judges of the facts, not me.  Your sole interest is to seek the truth from the evidence in that case.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form.  You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence.  Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages should be sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.

## D-3.3  CURATIVE INSTRUCTION

I have read to you a long and lengthy set of instructions. Although the instructions are somewhat complex, they are intended to be considered as an entire unit. For that reason, you should not choose one or more parts of these instructions and attempt to give them greater weight than any other part. You should try, to the extent that you are able, to follow the instructions as an entire body of law explained to you by the Court. The fact that some particular point may be covered in these instructions more than another point should not be regarded as meaning that I intend to emphasize any point. The Court is absolutely impartial in this case and it is not intended, and I do not now intend, to give emphasis to any point or to express an opinion in any way concerning the outcome of this case.

I have given instructions that refer to injuries which the plaintiff alleges she sustained and there have been instructions on the question of damages.

The fact that I have instructed you as to the proper measures of damages should not be considered as intimating any view of mine about whether or not the plaintiff is entitled to such damages. Instructions as to the measure of damages are given for your guidance only in the

- 14 -

event that you should find from a preponderance of the evidence in the case that plaintiff is entitled to such damages.

If you find from the evidence that plaintiff is not entitled to recover, then you will find for defendant and no damages will be awarded. On the other hand, if you find for plaintiff, you will then give consideration to the evidence on the points of injuries and damages, if there have been any, and award such damages as may be reasonable and proper, giving careful and due consideration to all the evidence presented in this case.