**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NANCY SANTANA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-666-GMS |
| | : | |
| STATE OF DELAWARE, | : | |
| DEPARTMENT OF HEALTH and | : | |
| SOCIAL SERVICES, DIVISION OF | : | |
| CHILD SUPPORT ENFORCEMENT, | : | |
| | : | |
| Defendant. | : | |

# DEFENDANT'S TRIAL BRIEF

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Marc P. Niedzielski (# 2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendant

DATED: January 31, 2008

### (a)   NATURE OF THE CASE

This is a Title VII lawsuit where the plaintiff claims that during the period of March 1 to April 29, 2005, she was subjected to harassment or a hostile work environment while employed by the Division of Child Support Enforcement due to her national origin.  (Plaintiff's EEOC Charge of Discrimination)

Plaintiff filed a Charge of Discrimination directly with the EEOC on June 3, 2005. In that Charge, plaintiff contended that she had been discriminated against due to her national origin, Hispanic, on the following events:

On March 1, 2005, one of her supervisors, Brenda Annand, "screamed" at her for being away from her desk.

On April 5, 2005, the same Ms. Annand sent her an e-mail for being away from her desk for more than 14 minutes. But, plaintiff acknowledges a miscommunication as her reason for being away from her desk.

On April 20, 2005, plaintiff complains that her Employee Performance Review contained "negative comments."

And plaintiff alleges that she was retaliated against for appearing and testifying as a witness in an IAB hearing for a former employee on March 24, 2005.

On October 30, 2006, plaintiff commenced this *pro se* action by filing a complaint[1]. (D.I. 1)  Pending before the Court is Defendant's Motion for Summary

---

[1] Plaintiff testified at her deposition that her present counsel, in fact, drafted the complaint. (Santana Transcript July 20, 2007 at p. 118)

Judgment that seeks judgment on all of plaintiff's claims and has been fully briefed. (D.I. 21, 22, 25 & 27)

In the complaint, plaintiff alleges three Counts that follow:

Count I asserts a claim under Title VII where plaintiff contends that on the dates set forth in the EEOC Charge of Discrimination, March and April, 2005 Brenda Annand yelled or made negative comments on her annual evaluation. (¶¶ 12, 13, 14 & 15)  Plaintiff contends that this treatment was due to the race and national origin (Hispanic) of the plaintiff.  Plaintiff had not alleged race before the EEOC and therefore has not exhausted such a claim.  (Defendant's Opening Brief in Support of Summary Judgment at 10 -11; D.I. 22; Reply Brief in Support of Summary Judgment at 4; D.I. 27)

In Count II, plaintiff contends that DCSE retaliated against her for her March 24, 2005 appearance as a witness in a Workers' Compensation Hearing. (Answering Brief at 14; D.I. 25)  Plaintiff does not contend that she suffered retaliation as a result of filing a charge of discrimination or any other activities with the EEOC.  Instead, plaintiff contends that she was retaliated against because she testified under subpoena at a Workers' Compensation Hearing on March 24, 2005.  However, testifying at a state Workers Compensation hearing is not a protected activity under Title VII.  Instead, Title VII protects those who "opposed any practice made an unlawful employment practice" by [Title VII] or those who "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under [Title VII]. 42 U.S.C. § 2000e-3(a)

(2000).  The anti-retaliation provisions of Title VII do not authorize a claim against an employer for conduct that is unrelated to the Title VII activity.  *Moore v. City of Philadelphia,* 461 F.3d 331, 341 (3d Cir. 2006).

The defense is both substantive and legal.  The DCSE did not discriminated against Nancy Santana by permitting harassment or a hostile work environment due to her national origin.  Additionally, plaintiff is not in the national origin protected class as she was born in Wilmington, Delaware and her mother is from Puerto Rico which is an American Commonwealth and its people are citizens of the United States.  While Hispanic or Latino is recognized by the federal government as an ethnicity, it is not a Title VII protected category of race or place of national origin.

### (b)   THE CONTESTED FACTS

Aside from the pending question of whether plaintiff has set out a *prima facie* case, the contested facts will reveal that Brenda Annand, one of plaintiff's two supervisors, was not harassing nor subjecting  plaintiff to a hostile work environment for any invidious reason.  Additionally, the evidence will reveal that Brenda Annand has a hearing loss and sometimes speaks loudly.  The evidence will reveal that Brenda Annand personally likes the plaintiff, but must ensure that all the employees in the Customer Service Unit of the DCSE have balanced work loads.  That requires that someone manage the work flow which includes how long the Child Support Specialists (CSS) are on the phone with the same call, how long

that employee is unavailable to take phone calls or is away from their desk and whether the CSS is providing correct and up-to-date information to the callers.

### (c)    DEFENDANT'S THEORY BASED ON ALL THE FACTS

Plaintiff performs her tasks as a CSS within the CSU and is viewed as very compassionate with the callers and receives positive feedback for her work. The CSU environment can be high pressure with a high volume of telephones calls with sometimes very upset callers who can be rude and profane. This environment is due to the nature of CSU. The callers can be: custodial parents seeking child support payments to support their children, non-custodial parents who are being required to pay child support that may be through wage attachments or the caller could be an employee of the employer or another social service agency.

In such an environment, it is possible for an employee such as plaintiff to feel that she is being singled out by even minor corrective measures taken by her supervisor. However, that is not the case and Nancy Santana is a valued employee performing a difficult job.

### d)    DAMAGES

If plaintiff prevails on liability, she would be entitled to compensatory damages only. There is no evidence that would support a claim for back pay nor is there a basis for front pay. Punitive damages are precluded by 42 U.S.C. § 1981a.

### (e)  DEFENDANT'S MOTION FOR DIRECTED VERDICT

Defendant anticipates that it will move for judgment as a matter of law pursuant to Rule 50[2] as follows:

**Count I of the Complaint:**

Initially, defendant will move for judgment under Rule 50 as to plaintiff's alleged protected status. Plaintiff is not a foreign national nor are her ancestors.

> The Commission defines national origin discrimination broadly as including, but not limited to, the denial of equal employment opportunity because of an individual's, or his or her ancestor's, place of origin; or because an individual has the physical, cultural or linguistic characteristics of a national origin group. 29 C.F.R.. § 1606.1

Defendant will also move for judgment on the Title VII claims (Count I) on the basis that the plaintiff has failed to establish a prima facie case. To establish a hostile work environment or harassment claim under Title VII, plaintiff must prove: (1) she suffered intentional discrimination because of her [national origin]; (2) the discrimination was severe or pervasive; (3) it detrimentally affected her; (4) it would have detrimentally affected a reasonable person of the same protected class in her position; and (5) there is a basis for vicarious liability. *Caver v. City of Trenton,* 420 F.3d 243, 262 (3d Cir. 2005); as modified by *Jensen v. Potter,* 435 F.3d 444, 449 fn.3 (3d Cir. 2006).

---

2 Defendant's motion under Rule 50 presupposes that the Court does not grant summary judgment on Counts I, II and III. In addition to pending summary judgment, defendant contends that Count II (Retaliation) and Count III (State law claim) have been abandoned.

**Count II of the Complaint:**

Defendant will move for judgment as a matter of law under Rule 50 (if not already granted) on the retaliation claim under Title VII (Count II), plaintiff must establish a *prime facie* case by tendering evidence that: (1) she engaged in activity protected by Title VII; (2) the employer took a "materially adverse" employment action against her that would dissuade a "reasonable worker from making or supporting a charge of discrimination"; and (3) there is a causal connection between the protected activity and the adverse employment action. *Moore v. City of Philadelphia*, 461F.3d 331, 340-341(3d Cir. 2006).  As set forth above, appearing as a witness before the Workers Compensation Board proceedings is not a protected Title VII activity.

**Count III of the Complaint:**

Defendant will move for a directed verdict on the State law claim under Count III.  As set forth in defendant's Opening Brief in Support of Summary Judgment, the state law claim fails under the state law itself, and could not otherwise be asserted in federal court pursuant to the Eleventh Amendment. (D.I. 22; Opening Brief at 14-15)

**Defendant's Affirmative Defense under Title VII:**

Finally, defendant will seek judgment under Rule 50 based on the affirmative defense that is available where there is no tangible employment action. *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 765 (1998); *Jensen, supra* 435 F.3d at 452.  Plaintiff never attempted to use the internal grievance or complaint

avenues available that may have resolved her concerns. The supervisor to which plaintiff complains is a first level supervisor who has no authority to "hire, fire, demote, promote, transfer or discipline…" *Parkins v. Civil Constructors of Ill., Inc.,* 163 F.3d 1027, 1033 (7th Cir. 1998).

        Respectfully submitted,

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Marc P. Niedzielski
        Marc P. Niedzielski (#2616)
        Deputy Attorney General
        820 N. French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8324
        Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NANCY SANTANA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-666-GMS |
| | : | |
| STATE OF DELAWARE, | : | |
| DEPARTMENT OF HEALTH and | : | |
| SOCIAL SERVICES, DIVISION OF | : | |
| CHILD SUPPORT ENFORCMENT, | : | |
| | : | |
| Defendant. | : | |

### CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on January 31, 2008, he caused the attached document to be delivered electronically to the following person:

herblaw@verizonmail.com
Herbert G. Feuerhake, Esquire
521 West Street
Wilmington, DE 19801

/s/ Marc P. Niedzielski
Marc P. Niedzielski, I.D. No. 2616
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendant