IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NANCY SANTANA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-666-GMS |
| | : | |
| STATE OF DELAWARE, | : | |
| DEPARTMENT OF HEALTH and | : | |
| SOCIAL SERVICES, DIVISION OF | : | |
| CHILD SUPPORT ENFORCEMENT, | : | |
| | : | |
| Defendant. | : | |

## FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R. Civ.P. ("Rule") 16, and Herbert G. Feuerhake, Esquire, 521 West Street, Wilmington, Delaware 19801 (302) 658-6101 having appeared as counsel for plaintiff and Marc P. Niedzielski, Deputy Attorney General, 820 N. French Street, Wilmington, Delaware 19801, (302) 577-8324 having appeared as counsel for defendant, the following actions were taken:[1]

(1) This is an action for a violation of Title VII of the Civil Rights Act of 1964 and the jurisdiction of the court is involved under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5. Jurisdiction is not disputed as to the Title VII claim, but jurisdiction is disputed by defendant as to any asserted state law claim pursuant to the Eleventh Amendment.

Defendant denies a violation of Title VII and asserts that they are entitled to the affirmative defense as plaintiff failed to avail herself of the internal procedure. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 751 (1998). Defendant has a pending

---

[1] In diversity cases or other cases requiring a jurisdictional amount in controversy, the Order shall contain either a stipulation that $75,000 is involved or a brief written statement citing evidence supporting the claim that such sum could reasonably be awarded.

        summary judgment motion that has been fully briefed.

(2)    The following stipulations and statements were submitted and are attached to and made a part of this Order.

    (a)    a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in a jury trial, may be read to the jury by the court or any party);

    (b)    an agreed statement or statements by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to;[2]

    (c)    except for rebuttal exhibits, schedules in the form set out in the attached Schedule (c) of;

        (1)    all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence and

        (2)    any demonstrative evidence and experiments to be offered during trial;[3]

---

[2] Counsel for plaintiff has the responsibility to prepare the initial draft of a proposed stipulation dealing with allegations in the complaint. Counsel for any counter-, cross- or third-party complainant has the same responsibility to prepare a stipulation dealing with allegations in that party's complaints. If the admissibility of any uncontested fact is challenged, the party objecting and the grounds for objection must be stated.

[3] Items not listed will not be admitted unless good cause is shown. Cumulative documents, particularly x-rays and photos, shall be omitted. Duplicate exhibits shall not be scheduled by different parties, but may be offered as joint exhibits. All parties shall stipulate to the authenticity of exhibits whenever possible, and this Order shall identify any exhibits whose authenticity has not been stipulated to and specific reasons for the party's failure so to stipulate. As the attached Schedule (c) indicates, non-objected-to exhibits are received in evidence by operation of this Order, without any need for further foundation testimony. Copies of exhibits shall be made available to opposing counsel and a bench book of exhibits shall be prepared and delivered to the court at the start of the trial unless excused by the court. If the trial is a jury trial and counsel desires to display exhibits to the members of the jury, sufficient copies of such exhibits must be made available so as to provide each juror with a copy, or alternatively, enlarged photographic copies or projected copies should be used.

    (d)    a list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list;[4]

    (e)    stipulations or statements setting forth the qualifications of each expert witnesses in such form that the statement can be read to the jury at the time the expert witness takes the stand;[5]

        **None.**

    (f)    a list of all depositions, or portions thereof, to be read into evidence and statements of any objections thereto;[6]

    (g)    an itemized statement of special damages;

        **None.**

    (h)    waivers of any claims or defenses that have been abandoned by any party;

---

[4] Each party shall indicate which witness *will* be called in the absence of reasonable notice to opposing counsel to the contrary, and which *may* be called as a possibility only. Any witness not listed will be precluded from testifying absent good cause shown, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary, without prior notice to the opposing party.

[5] Only one expert witness on each subject for each party will be permitted to testify absent good cause shown. If more than one expert witness is listed, the subject mater of each expert's testimony shall be specified.

[6] If any party objects to the admissibility of any portion, both the name of the party objecting and the grounds shall be stated. Additionally, the parties shall be prepared to present to the court, at such time as directed to do so, a copy of all relevant portions of the deposition transcript to assist the court in ruling *in limine* on the objection. All irrelevant and redundant material including all colloquy between counsel shall be eliminated when the deposition is read at trial. If a video deposition is proposed to be used, opposing counsel must be so advised sufficiently before trial to permit any objections to be made and ruled on by the court and to allow objectionable material to be edited out of the film before trial. If good cause is shown as to why objections to portions of a video tape deposition could not be made sufficiently before trial to permit the court to rule, objections shall be handled by a procedure prescribed by the court in accordance with D.Del. LR 30.4(e). Video tape depositions shall otherwise be handled at trial in accordance with D.Del. LR 30.4(d).

**Plaintiff's claims under state law and retaliation have been abandoned.**

(i) for a jury trial, each party shall provide the following:

  (i) trial briefs except as otherwise ordered by the court;[7]

  (ii) three sets of marked proposed jury instructions, verdict forms, and special interrogatories, if any[8]; and

---

[7] No party's trial brief shall exceed 15 pages without prior approval of the court **and all briefs and memoranda shall be double-spaced, with 1 inch margins, left justification and Times New Roman 12 pt. font**. Trial briefs are intended to provide full and complete disclosure of the parties' respective theories of the case. Accordingly, each trial brief shall include statements of:
  (a) the nature of the case,
  (b) the contested facts the party expects the evidence will establish,
  (c) the party's theory of liability or defense based on those facts and the uncontested facts, the party's theory of damages or other relief in the event liability is established, and the party's theory of any anticipated motion for directed verdict.
  (d) the party's theory of damages or other relief in the event liability is established, and
  (e) the party's theory of any anticipated motion for directed verdict.

The brief shall also include citations of authorities in support of each theory stated in the brief. Any theory of liability or defense that is not expressed in a party's trial brief will be deemed waived.

[8] When this Order is filed, it shall be the responsibility of counsel for the plaintiff to file with the Clerk, in triplicate and on diskette, joint instructions with objections (i.e., the parties shall submit three separate, stapled copies of a single set of proposed jury instructions which shall include either side's objections to any given instruction along with their proposed instruction directly on the page following the instruction to which there is an objection). Prior to this submission, counsel must confer and make every reasonable effort to resolve objections and to submit agreed upon proposed jury instructions. The joint instructions shall contain a table of contents. Each proposed jury instruction shall carry a descriptive title. Each instruction shall be numbered in such a way as to identify which party is the proponent or whether it has been submitted jointly. All instructions, including objections, shall be in writing and include citations of supporting authorities. Failure to object may constitute waiver of any objection.

At the time of trial, counsel for the plaintiff shall submit an unmarked original set of instructions, verdict sheet, and any special interrogatories to the court in triplicate; to be sent to the jury room after being read to the jury. Supplemental requests for instructions during the

    (iii) a list of the questions the party requests the court to ask prospective jurors in accordance with Fed.R.Civ.P. 47(a) and D.Del. LR 47.1(a)[9];

 (j) for a non-jury trial, each party shall provide proposed *Findings of Fact and Conclusions of Law* in duplicate[10];

 (k) a statement summarizing the history and status of settlement negotiations, indicating whether further negotiations are ongoing and likely to be productive;

 (l) Discovery: Absent good cause shown, no further discovery shall be permitted[11];

    **Defendant: each party has completed discovery**

 (m) motions *in limine*: **None.**

(3) Trial of this case is expected to take 3 days.

(4) [Indicate the type of trial by placing an X in the appropriate box]

 Jury X  Non-jury _____

(5) The parties recommend that 8 jurors be selected at the commencement of the trial.

(6) This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(7) Possibility of settlement of this case was considered by the parties.

---

course of the trial or at the conclusion of the evidence will be granted solely as to those matters that cannot be reasonably anticipated at the time of presentation of the initial set of instructions.

[9] Special voir dire questions shall be filed in triplicate and on diskette along with this Order but shall otherwise be filed in accordance with D.Del. LR 47.1(a).

[10] These shall be separately stated in separately numbered paragraphs. Findings of Fact should contain a detailed listing of the relevant material facts the party intends to prove. They should not be in formal language, but should be in simple narrative form. Conclusions of Law should contain concise statements of the meaning or intent of the legal theories set forth by counsel.

[11] If this is a case in which (contrary to the normal requirements) discovery has not been

completed, this Order shall state what discovery remains to be completed by each party.

_____
UNITED STATES DISTRICT JUDGE

Date:_____

_____    _____
Attorney for Plaintiff                              Attorney for Defendant

Rev. 3/29/2007 (GMS)

Schedule (c)

Exhibits[1]

1. The following exhibits were offered by plaintiff, received in evidence and marked as indicated:

   [State identification number and brief description of each exhibit.]

2. The following exhibits were offered by plaintiff and marked for identification. Defendant(s) objected to their receipt in evidence on the grounds stated[2]:

   [State identification number and brief description of each exhibit. Also state briefly the ground of objection, such as competency, relevancy or materiality, and the Fed.R.Evid. relied upon. Also state briefly plaintiff('s)(s') response to the objection, with reference to Fed.R.Evid. relied upon.]

3. The following exhibits were offered by defendant( s), received in evidence and marked as indicated:

   [State identification number and brief description of each exhibit.]

4. The following exhibits were offered by defendant( s) and marked for identification. Plaintiff(s) objected to their receipt in evidence on the grounds stated[3]:

   [State identification number and brief description of each exhibit. Also state briefly the ground of objection, such as competency, relevancy or materiality, and the Fed.R.Evid. relied upon. Also state briefly defendant's response to the objection, with reference to Fed.R.Evid. relied upon.]

---

[1] As in the Final Pretrial Order form, references to "plaintiff' and "defendant" are intended to cover those instances where there are more than one of either.

[2] Copies of objected-to exhibits should be delivered to the court with this Order, to permit rulings *in limine* where possible.

[3] See footnote 2 of this Schedule.

## Schedule (a)

### Statement of uncontested facts

1. On January 4, 1999, the plaintiff Nancy Santana began working for the Delaware Department of Health and Social Services, Division of Child Support Enforcement as a Child Support Specialist.

2. On July 1, 2000, her position was reclassified to Child Support Specialist I (CSS I) within the Customer Service Unit (CSU) of the Division.

3. On September 4, 2001, Brenda Annand became one of plaintiff's two supervisors.

4. Plaintiff has been continuously employed in the CSU since 2001, but she has been on military leave since October 1, 2005. Plaintiff was involuntarily activated for her present military leave.

5. The Customer Service Unit of the Division is a high volume telephone call taking center. The duties of a CSS within the CSU require that each employee sit at a computer console and answer telephone calls on a continuous basis.

6. In response to such telephones call, CSS may make referrals to other agencies, make follow-up requests for case action as may be appropriate and will document the cases in accordance with DSCE's case note policy.

7. Telephone calls come to the CSU from non-custodial parents from whom child support is owed or is being paid, from custodial parents who need the child support payments and other agencies with child support responsibilities.

- 2 -

8. The telephone calls are distributed to the various CSS by an Automated Call Distributed (ACD) system. Each CSS will arrive for work and log on to the ACD and a computerized system know as "the Wallboard" beginning at their designated starting time.

9. Each CSS is expected to remain logged on to ACD during their scheduled work hours, but must log off the ACD during scheduled breaks and lunch. If for some reason, the CSS must be unavailable to take telephone calls they must inform both supervisors by "the Wallboard."

10. Plaintiff Nancy Santana was born and raised in the Wilmington, Delaware area.

11. Plaintiff Nancy Santana did not initiate any of the internal grievance or complaint procedures for addressing complaints or claims of discrimination available to her as a State employee prior to filing her June 3, 2005 EEOC Charge of Discrimination.

12. Every State employee in DSCE has available a number of different internal grievance or complaint procedures including informal or formal procedures.

## Schedule (b)

### Agreed statement of contested facts

1. Whether plaintiff belongs to a protected class based on her national origin?

2. Whether plaintiff was harassed or subject to a hostile work environment due to her national origin during the period of March 1 to April 29, 2005?